IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANICE BAKE | ) |
| | ) |
| Plaintiff | ) Case No.: 07 C 6600 |
| | ) |
| vs. | ) Judge Der-Yeghiayan |
| | ) |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | ) Magistrate Judge Cox |
| | ) |
| Defendant. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), by its attorneys, DANIEL K. RYAN and PETER E. PEDERSON, states as follows for its Answer and Affirmative Defenses to Plaintiff's Complaint:

*Jurisdiction and Venue*

1. Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and, in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long-term disability insurance plan underwritten and insured by the Life Insurance Company of North America (LINA), a CIGNA company, for the benefit of employees of Corus Bankshares, Inc. ("Corus Bank").

**ANSWER:** Admit the allegations contained in the first sentence of ¶ 1. Admit that Corus Bankshares, Inc. ("Corus") established an employee welfare benefit plan ("Plan") that provides eligible employees with long-term disability ("LTD") benefits. Admit that LINA insures LTD benefits payable under the Plan pursuant to Group Policy No. LK-960120 ("Policy"). Deny the remaining allegations in ¶ 1.

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

**ANSWER:**   Admitted.

3.   Venue is proper in the Northern District of Illinois. 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

**ANSWER:**   Admitted on information and belief.

### *Nature of Action*

4.   This is a claim seeking disability income benefit payments to Plaintiff pursuant to a policy of group long-term disability insurance (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "A") underwritten and insured by LINA under Policy No. LK-960120 for the benefit of employees of Corus Bank. This action, seeking recovery of benefits, is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)).

**ANSWER:**   LINA admits that the Plan affords eligible employees of Corus with LTD benefits.  LINA admits it insures benefits under the Plan pursuant to the Policy.  LINA admits that plaintiff's claim for LTD benefits lies under § 1132(a)(1)(B).  LINA admits that portions of the Policy are attached as Ex. A.  LINA denies all remaining allegations contained in ¶ 4.

### *The Parties*

5.   The Plaintiff, Janice Bake ("Bake") (DOB 5/xx/49), is and was a resident of Chicago, Illinois at all times relevant hereto.

**ANSWER:**   Admit on information and belief that plaintiff resides in Chicago, Illinois.

6.   The Defendant, LINA, is the underwriter and insurer of Group Policy Number LK-960120 ("Plan"), issued to Corus Bank for the benefit of its employees. At all times relevant hereto, LINA was engaged in the business of insurance and in the administration of benefits under the aforementioned policy of insurance within the Northern District of Illinois.

**ANSWER:**   LINA admits it does business and provides insurance services to ERISA plans within the Northern District of Illinois.  LINA admits it issued the subject group policy to Corus Bank.  LINA denies the remaining allegations in ¶ 6.

7.   At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to her employment with Corus Bank, Bake received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

**ANSWER:** Admit that the Plan is an employee welfare benefit plan as defined by 29 U.S.C. §1002(1). Admit that plaintiff was a participant in that plan as defined by 29 U.S.C. §1002(7) and that this claim relates to the Plan. Deny the remaining allegations contained in ¶ 7.

*Statement of Facts*

8. Bake was employed as the First Vice President Operations Analyst for Corus Bank until June 20, 2006, when she was forced to stop working due to persistent and severe pain in her back, neck, and arms caused by severe degenerative disease of the spine and other orthopedic and medical conditions. Bake has not been actively employed since that date.

**ANSWER:** Admit that plaintiff was employed by Corus as First Vice President – Operations Analysis. Admit that plaintiff's last day of work was June 20, 2006. Deny all remaining allegations in ¶ 8.

9. In January 2006, prior to ceasing employment, Bake underwent anterior cervical diskectomy and fusion surgery. Following the surgery, Bake made a determined effort to return to work after first working at home part-time and then in the office on a part-time basis. However, she was unable to maintain consistent employment due to persistent pain.

**ANSWER:** Admit that plaintiff underwent an anterior cervical discectomy and fusion C5-7 in January 2006. Admit that plaintiff worked on a part-time basis until June 2006. Deny all remaining allegations in ¶ 9.

10. Subsequent to ceasing employment, Bake made a claim for long-term disability (LTD) benefits under the Plan. Bake alleged disability due to cervical myelopathy with post-operative changes, thoracic kyphosis, degenerative disc disease, carpal tunnel syndrome, rheumatoid arthritis, and osteoarthritis. Bake supported her claim with numerous medical records and other evidence certifying that she met the Plan's definition of "long-term disability," which is defined as follows:

> An Employee is Disabled if, because of Injury or Sickness,
> 1. he or she is unable to perform all the material duties of his or her regular occupation, or solely due to Injury or Sickness, he or she is unable to earn more than 60% of his or her Indexed Covered Earnings; and
> 2. after Disability Benefits have been payable for 24 months, he or she is unable to perform all the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience, or solely due to Injury or Sickness, he or she is unable to earn more than 60% of his or her Indexed Covered Earnings.

6265390v1 884636

Plan p. 2 (Exhibit A).

**ANSWER:** Admit that plaintiff applied to LINA for LTD benefits under the Plan. Admit that her physicians diagnosed her with degenerative disc disease, cervical radiculopathy and thoracic kyphosis. Admit that ¶ 10 appears to accurately quote the Policy's definition of disability. Deny all remaining allegations in ¶ 10.

11. Concurrent with her claim for LTD benefits, Bake also applied for and was awarded Social Security disability benefits. Bake has continued to receive Social Security benefits since the onset of disability. The Social Security award signified a finding by the Social Security Administration that Bake is unable to engage in "any substantial gainful activity." 42 U.S.C. §423(d)(1)(A) (definition of disabled under Social Security Act).

**ANSWER:** LINA admits that, with her second appeal, plaintiff's counsel submitted a form that appears to reflect that, on June 20, 2007, the Social Security Administration approved plaintiff for Social Security Disability Income ("SSDI") benefits. LINA lacks information or knowledge sufficient to admit or deny whether plaintiff has continued to receive SSDI benefits. LINA denies that an award of SSDI benefits signifies that plaintiff qualifies for LTD benefits under the Plan, as the eligibility standards are different. LINA denies all remaining allegations in ¶ 11.

12. Despite overwhelming evidence demonstrating Bake's disability, LINA denied her claim for LTD benefits on November 8, 2006.

**ANSWER:** Admit that, on November 8, 2006, LINA denied plaintiff's application for LTD benefits. Deny that plaintiff submitted overwhelming evidence of disability and all remaining allegations in ¶ 12.

13. After being notified that LINA denied her claim, Bake submitted an appeal of the decision on April 5, 2007. Bake submitted additional medical evidence from her treating physicians with this appeal in support of her claim for LTD benefits. However, on May 25, 2007, LINA upheld its decision to deny Bake's claim based on its medical director's review of her file.

**ANSWER:** Admit that on April 5 and 10, 2007, plaintiff's counsel filed an internal appeal of the denial of her claim. Admit that on May 25, 2007, LINA denied plaintiff's first

4

internal appeal following a comprehensive review and analysis of the records, which included an associate medical director's analysis of the records. Deny all remaining allegations in ¶ 13.

    14.    Bake submitted a second appeal of LINA's decision on August 27, 2007, along with additional medical records from her treating physician demonstrating ongoing disability. On October 27, 2007, LINA again upheld its denial of Bake's LTD benefits, relying on the report of a physician who merely reviewed Bake's file without examining her.

    **ANSWER:**    Admit that plaintiff's counsel submitted a second appeal on August 27, 2007. Admit that on October 24, 2007 LINA denied the appeal based on a comprehensive review and analysis of the evidence and based on the report of an independent physician. Deny all remaining allegations in ¶ 14.

    15.    All required and voluntary pre-suit appeals seeking reinstatement of benefits have now been exhausted.

    **ANSWER:**    LINA admits that plaintiff exhausted her appeal rights under the Plan. LINA denies all remaining allegations in ¶ 15.

    16.    The determination by LINA is contrary to the terms of the Plan and has no rational support in the evidence. The decision is also contrary to the reports and assessments of all treating physicians; and by relying on the opinions of physicians who never examined the plaintiff, LINA has denied Bake due process of law since its determination was based on hearsay evidence that cannot constitute substantial evidence in a civil action brought pursuant to 29 U.S.C. § 1132(a)(1)(B).

    **ANSWER:**    Denied.

    17.    As a direct and proximate result of the foregoing, based on the evidence submitted to LINA establishing Bake has met and continues to meet the Plan's disability definitions, Bake is entitled to all benefits due since June 2006, and such benefits must continue until she recovers from disability, dies, or reaches the age of 65, whichever comes first.

    **ANSWER:**    Denied.

## **AFFIRMATIVE DEFENSES**

    1.    To the extent plaintiff asserts common law or state law remedies, the claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U. S. C. § 1144.

2.　　Plaintiff's claims are barred for failure to comply with terms and conditions of the subject employee benefits plan.

3.　　In the event that this Court were to determine that plaintiff is entitled to long term disability benefits under the plan documents, plaintiff's claims are subject to the doctrines of setoff and recoupment in that she is receiving or has received other benefits which qualify as Other Income Benefits under the Plan and reduce the amount of any LTD benefit payable to her under the Plan.

4.　　Plaintiff's claims are barred, in whole or in part, on the ground that defendant has discharged its obligations to plaintiff.

5.　　Plaintiff's claims against LINA are barred because it is not a proper defendant to a claim under 29 U.S.C. § 1132(a)(1)(B).

6.　　Plaintiff's claims are barred because she has failed to join and sue an indispensable party under Federal Rule 19.

WHEREFORE, Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, respectfully requests that this Court deny the relief sought in plaintiff's complaint, enter judgment in its favor for attorneys' fees and costs, and grant such further relief as the Court deems appropriate and just.

　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted:

　　　　　　　　　　　　　　　　　　　　　　LIFE INSURANCE COMPANY
　　　　　　　　　　　　　　　　　　　　　　OF NORTH AMERICA

　　　　　　　　　　　　　　　　　　　　　　By: /s/ Peter E. Pederson
　　　　　　　　　　　　　　　　　　　　　　　　　One of its Attorneys

Daniel K. Ryan, Esq.
Peter E. Pederson, Esq.

HINSHAW & CULBERTSON LLP
222 N. LaSalle Street
Suite 3000
Chicago, Illinois 60601
(312) 704-3000
**Fax:** (312) 704-3001
dryan@hinshawlaw.com
ppederson@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that on January 23, 2008, I e-filed this Answer and Affirmative Defenses to Plaintiff's Complaint using the Court's CM/ECF system, which will make copies of available to all counsel of record.

                        /s/ Peter E. Pederson

### **Service List**

Mark D. DeBofsky, Esq.
Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, Illinois 60603
(312) 372-5200 x4880
FAX (312) 372-2778
E-mail: mdebofsky@ddbchicago.com

6265390v1 884636