IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANICE BAKE | ) |
| | ) |
| Plaintiff | ) Case No.: 07 C 6600 |
| | ) |
| vs. | ) Judge Der-Yeghiayan |
| | ) |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | ) Magistrate Judge Cox |
| | ) |
| Defendant. | ) |

### LINA'S MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), by its attorneys, Daniel K. Ryan and Peter E. Pederson, respectfully moves this Honorable Court to enter a protective order under Federal Rule 26(c) quashing the subpoena plaintiff has served on Avrom Simon, MD. In support of this motion, LINA states as follows:

### I.   INTRODUCTION

Bake has filed suit under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), challenging LINA's finding that she does not qualify for long-term disability ("LTD") benefits under an employee welfare benefit plan ("Plan") sponsored by her former employer, Corus Bankshares, Inc. ("Corus"). LINA insured and administered claims under the Plan pursuant to a group policy ("Policy") issued to Corus. Bake has served a subpoena to depose Avrom Simon, MD, the independent physician who assisted LINA in evaluating Bake's administrative appeal and concluded, in a five page report, that Bake did not suffer from restrictions and limitations that precluded her from performing her original occupation.

LINA respectfully submits that this Court should quash the subpoena to Dr. Simon and enter a protective order limiting discovery to the administrative record, which consists of all documents LINA received, considered or generated in the course of deciding Bake's claim on behalf of the Plan.  Under the "arbitrary and capricious" standard of review, which applies to this case, discovery is presumptively limited to the administrative record.  A plaintiff may obtain extra-record discovery only if she shows that the claims fiduciary failed to give her claim a genuine evaluation and instead simply threw the claim in the trash.  Here, LINA fully and fairly considered Bake's claim, and Bake is therefore not entitled to depose Dr. Simon.

Even if, *arguendo*, the Court finds that the *de novo* standard of review applies, the subpoena should be quashed.  In an ERISA case subject to *de novo* review, the Court has discretion to permit or deny extra-record discovery.  The factors that govern the exercise of this discretion strongly counsel against allowing Bake to depose Dr. Simon.  Most important, the depositions are not necessary for the Court to reach an "informed and independent judgment" as to whether Bake qualifies for LTD benefits.  The 772 page administrative record includes all the evidence Bake chose to submit in support of her claim and all documents that were before LINA when it finally decided Bake's claim.  The administrative record alone will enable the Court to reach an informed judgment about whether Bake qualifies for LTD benefits under the Plan.  Thus, the Court should quash the subpoena whether the standard of review is deferential or *de novo*.

## II.     FACTUAL BACKGROUND

Prior to January 29, 2006, Bake was employed full time by Corus as First Vice President – Operations Analysis.  The physical requirements of her occupation were limited to sitting and standing, walking as necessary, and operating office and computer equipment.  (Administrative Record ("AR"), portions of which are attached as Exhibit A, 721-22, 734).  As a benefit of her

employment, Bake participated in the Plan. (Ex. A 730-734). The Policy under which LINA insures LTD benefits states that they are payable for the first two years if the participant is "unable to perform the material duties of his or her regular occupation, or solely due to Injury or Sickness, he or she is unable to earn more than 60% of his or her Indexed Covered Earnings." (Ex. A 371).

In January 2006, Bake was diagnosed with cervical disc degeneration and cervical radiculopathy. On January 30, 2006, neurosurgeon George Bovis, MD, and orthopedic surgeon Christopher Bergin, MD, jointly performed a cervical discectomy, decompression and fusion at C5-6 and C6-7. (Ex. A 155-56, 628). Between March and June 2006, Bake worked part time and received full pay. (Ex. A 734). However, she continued complaining of pain and stopped working in June 2006. (*Id.*).

In August and September 2006, Bake applied to LINA for LTD benefits, contending that she could not perform her occupation because of pain associated with arthritis, cervical myelosis (degenerative change in the cervical spine), and thoracic kyphosis (abnormal posterior curvature of the spine). (Ex. A 673-75). Erin Arnold, MD, a rheumatologist who treated Bake for osteopenia (low bone mineral density), submitted a disability form in which she wrote "N/A" in the space where Bake's restrictions and limitations were to be described. (Ex. A 685).

In a September 7, 2006 report, Dr. Bovis reported that an MRI of Bake's brain and cervical spine was normal. She has healed completely since the cervical discectomy. (Ex. A 495). She had no complaint other than ulnar nerve tingling. (*Id.*). In a September 12, 2006 report, however, Dr. Bergin contended that Bake's pain precluded her form working. (Ex. A 700).

In a report dated October 18, 2006, nurse case manager Donna Simmons, RN, reviewed all of Bake's records and concluded they did not document restrictions or limitations that precluded Bake from performing sedentary work. (Ex. A 681-82). After comparing the physical requirements of Bake's occupation with the standards set forth in the U.S. Department of Labor's Dictionary of Occupational Titles, LINA determined that her original occupation was sedentary because it required minimal physical activity. (Ex. A 719-20). On November 8, 2006, LINA denied Bake's claim because her occupation was sedentary and the records showed that her medical conditions did not preclude sedentary work. (Ex. A 518-19, 521-22).

Bake then retained counsel, who on April 5, 2007 and August 27, 2007 filed administrative appeals of the denial of benefits. (Ex. A 574-81, 105-110). Bake's counsel contended that degenerative disc disease, lumbar and thoracic pain, and carpal tunnel syndrome prevented Bake from performing her sedentary job at Corus. (Ex. A 574-581). In a May 10, 2007 report, Dr. Bergin stated that thoracic spine pain, degenerative disc disease, and lumbar spine problems interfered with Bake's ability to work. (Ex. A 443-44). LINA denied the first appeal based on a vocational analysis of Bake's job and analysis of the records performed by its associate medical director, John Mendez, MD, who found that Bake's limitations did not preclude her from performing sedentary work. (Ex. A 428-29, 437, 434-36).

With the second appeal, Bake's counsel submitted correspondence in which the Social Security Administration ("SSA") overturned its initial denial of Bake's claim for Social Security Disability ("SSD") benefits (Ex. A 114-16) and a report on an examination that Paul McFarlane, MD, prepared at the SSA's request. (Ex. A 356-59). As part of LINA's review of the second appeal, an independent physician, Avrom Simon, MD, MPH, CPE, considered all of Bake's medical records and analyzed whether the documented restrictions and limitations prevented her

from performing her sedentary occupation at Corus. In a five page report dated October 22, 2007, Dr. Simon summarized Bake's medical history and diagnoses. He concluded that the objective medical data did not show restrictions or limitations that would preclude sedentary work. (Ex. A 93-97). In support of this conclusion, Dr. Simon noted that: (1) Bake had suffered from spine pain since 2002, but nothing in the record showed how this condition worsened in 2006 to render her disabled; (2) her complaints of pain during physical therapy did not match up with objective findings; (3) there was no evidence of muscular deconditioning, which would occur in a person restricted to less than sedentary activity. (Ex. A 95). On October 24, 2007, LINA's appeal claim analyst, Noemi Martinez-Landis, denied the appeal based on Dr. Simon's report. (Ex. A 90-92). After filing this lawsuit, Bake served Dr. Simon with a subpoena to take his deposition.

### III.    LEGAL ARGUMENT

**A.    Because the deferential standard of review applies to Bake's claim, extra-record discovery is not permitted and Bake's subpoena should be quashed.**

The scope of discovery and evidence in ERISA benefits litigation is limited. In *Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 875 (7th Cir. 1997), the Seventh Circuit stated that "Like a suit to challenge an administrative decision, a suit under ERISA is a review proceeding, not an evidentiary proceeding." When a district court applies the deferential standard of review to a benefit determination, review is limited to the administrative record. Discovery into "the thought processes of the [claim administrator's] staff, the training of those who considered [the] claim, and in general who said what to whom within [the claim administrator]" is not permitted. *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan,* 195 F.3d 975, 981-82 (7th Cir. 2000). When there is no doubt that the

5

"application [for benefits] was given a genuine evaluation, judicial review is limited to the evidence that was submitted in support of the application for benefits." *Id.* at 982.

In *Semien v. Life Ins. Co. of North America,* 436 F.3d 805, 815 (7th Cir. 2006), the court re-affirmed the principles set forth in *Perlman*:

> Congress has not provided Article III courts with the statutory authority, nor the judicial resources, to engage in a full review of the motivations behind every plan administrator's discretionary decisions. To engage in such a review would usurp plan administrators' discretionary authority and move toward a costly system in which Article III courts conduct wholesale reevaluations of ERISA claims. Imposing onerous discovery before an ERISA claim can be resolved would undermine one of the primary goals of the ERISA program: providing a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously.

*Semien* holds that discovery in an ERISA case subject to deferential review may be allowed only if the plaintiff: (1) identifies a specific conflict of interest or instance of misconduct; and (2) makes a prima facie showing that there is good cause to believe that limited discovery will reveal a procedural defect in the plan administrator's decision. *Semien,* 436 F.3d at 815.

*De novo* review is the default standard. The deferential standard of review applies if the documents governing an employee benefit plan grant the claim administrator discretionary authority to decide claims for benefits or to interpret the plan's terms. *Shyman v. Unum Life Ins. Co.*, 427 F.3d 452, 455 (7th Cir. 2005); *Ruiz v. Continental Cas. Co.,* 400 F.3d 986, 991 (7th Cir. 2005). Here, the Group Insurance Plan for Corus's Plan grants LINA discretionary authority that triggers deferential review. (A copy of the Group Insurance Plan is attached as Exhibit B.) The Group Insurance Plan provides that:

> The Plan Administrator has appointed the Insurance Company as the named fiduciary for adjudicating claims for benefits under the Plan, and for deciding any appeals of denied claims. **The Insurance Company shall have the authority, in its discretion, to interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related**

6

**findings of fact.** All decisions made by the Insurance Company shall be final and binding on Participants and Beneficiaries to the full extent permitted by law. (Ex. B p. 15 (emphasis added)).

LINA's discretionary authority to interpret the terms of the Plan, to decide questions of eligibility, and to make related findings of fact clearly triggers application of the deferential standard of review. *Semien*, 436 F.3d at 811-812; *Shyman*, 427 F.3d at 455; *Ruiz,* 400 F.3d at 991. Because the deferential standard of review applies, evidence and discovery must be limited to the materials that were before when LINA when it decided Bake's final appeal. *Semien*, 436 F.3d at 815, *Perlman*, 195 F.3d at 981; *Trombetta v. Cragin Federal Bank for Savings Employee Stock Ownership Plan*, 102 F.3d 1435, 1438 f.n. 1 (7th Cir. 1997); *Semien v. Life Ins. Co. of North America,* 2004 WL 1151608 (N.D. Ill. 2004) (Kocoras, J.) (denying extra-record discovery in ERISA case subject to deferential review); *Heinze v. Life Ins. Co. of North America,* 2002 WL 977434 (N.D. Ill.2002) (same). Bake's subpoena to Dr. Simon accordingly should be quashed.

Under *Semien* and *Perlman,* discovery beyond the administrative record is allowed only if the claim administrator engaged in misconduct that tainted its review of the claim, such as by throwing the benefit application in the trash rather than giving it a genuine evaluation. This exception to the general rule does not avail Bake. LINA thoroughly and fairly evaluated her claim. LINA compiled 772 pages of records related to Bake's medical conditions and occupational duties. To evaluate whether Bake could not perform her own occupation because of her conditions, LINA consulted with an in-house nurse case manager, Donna Simmons, RN (Ex. A 682); its associate medical director, Dr. Mendez (Ex. A 437-38); and the independent physician, Dr. Simon, who found that the evidence discredited Bake's claim that she could not engage in sedentary work. (Ex. A 93-97).

Given LINA's thorough investigation of the claim, discovery must be limited to the administrative record. *Semien*, 436 F.3d at 815, *Perlman*, 195 F.3d at 981. *See also Broeski v.*

7

*Provident Life and Acc. Ins. Co.*, 2007 WL 1704012 at *3-4 (N.D. Ill. 2007) (denying discovery sought by claimant in ERISA case subject to deferential review); *Smith v. Accenture U.S. Group Long Term Disability Ins. Plan,* 2006 WL 2792695 at *2 (N.D. Ill. 2006) (same); Rubber Shop v. Benicorp Ins. Co. 238 F.R.D. 618, 623 (N.D. Ind. 2006) (finding that ERISA plaintiff had not established prima facie case of misconduct under *Semien* and granting claim administrator's motion for protective order). Under this authority, a protective order should be entered limiting discovery to the administrative record.

> **B.     Even if, *arguendo*, the standard of review is *de novo*, the subpoena should be quashed and discovery limited to the administrative record because the record alone will allow the Court to reach an informed and independent judgment about Bake's eligibility for benefits.**

In *Casey v. Uddeholm Corp.*, 32 F.3d 1094, 1099 (7th Cir. 1994), the Seventh Circuit set out a presumption that, in ERISA cases subject to *de novo* review, discovery and evidence should be limited to the record that was before the claim administrator when it finally decided a claim.[1] The court held that "a district court may review evidence beyond that which was before the claim administrator only when circumstances clearly establish that additional evidence is necessary, but that as a general matter the district court should restrict itself to the evidence before the plan administrator." 32 F.3d at 1099.

In the more recent case of *Patton v. MFS/Sun Life Financial Distributors, Inc.*, 480 F.3d 478, 490-91 (7th Cir. 2007), the Seventh Circuit identified the factors that a district court should consider in deciding whether to permit or deny extra-record discovery in *de novo* cases:

> [T]he district court ha[s] discretion to "limit the evidence to the record before the plan administrator, or . . . [to] permit the introduction of additional evidence necessary to enable it to make an informed and independent judgment. …

---

[1]  LINA asserts that the deferential standard of review applies here. LINA makes this argument regarding the *de novo* standard in the alternative to its argument in Section II.A. above.

8

> The most important factor for the district court, therefore, seems to be whether the evidence is "necessary" to an "informed and independent judgment" on the parties' claims and defenses, which will obviously depend on the nature of the claims and whether the administrative record was "relatively undeveloped" with respect to those claims. *Id.* at 491 (citations omitted; quotations in original).

Other factors that a court should consider include: (1) whether the parties had an opportunity to present evidence at the administrative level; (2) whether the extra-record discovery relates to the plan terms or historical facts concerning the claimant; and (3) whether the administrator faces a conflict of interest. *Patton,* 480 F.3d at 491. The Seventh Circuit cautioned that a district court should not:

> automatically admit new evidence whenever it would help to reach an accurate decision. *Any* relevant evidence increases the likelihood of an accurate decision but always at the price of increased cost, both in the form of more money and additional time. [citation omitted.] <u>The record calls for additional evidence only where the benefits of increased accuracy exceed the costs, a balance familiar to the district court</u>. *Id.* at 492 (emphasis added).

The Seventh Circuit reviews a district court's decision regarding whether to permit discovery in a *de novo* ERISA case for abuse of discretion. *Id.* at 490. When a district court takes the relevant factors into consideration and provides a reasonable explanation for its decision, its decision will be affirmed and reversals will be rare. *Id.* at 491.

Applying the *Patton* factors here strongly counsels against allowing Bake to depose Dr. Simon. First, a review of the 772 page record demonstrates that the Court can reach an "informed and independent" judgment regarding Bake's eligibility for benefits based on the record alone. The record is not "relatively undeveloped" with respect to question of Bake's training, education, job requirements, medical conditions or functional ability. There are hundreds of pages of medical records that analyze those subjects at length. By reviewing the underlying medical evidence, and comparing it with the analyses of Nurse Simmons, Dr. Mendez, and Dr. Simon, this Court can reach an "informed and independent judgment"

9

regarding Bake's eligibility for LTD benefits.

Second, Bake had an opportunity at the administrative level to present evidence in favor of her position. Bake was represented in her administrative appeals by a sophisticated lawyer who specializes in ERISA litigation. She should not be allowed to support her claim in this litigation with evidence that LINA did not consider when it evaluated her final administrative appeal.

Third, Bake is not seeking to develop evidence relating to the meaning of the Plan terms or historical facts about herself, which are the categories of evidence that the *Patton* court stated might be appropriate for discovery. Bake wants to cross-examine Dr. Simon about his medical analyses. However, the Court itself can analyze the validity of Dr. Simon's findings by comparing them to the medical records he considered. The depositions are not necessary for the Court to independently analyze Bake's eligibility for LTD benefits.

Last, the cost of conducting and considering the depositions is not outweighed by any alleged increase in accuracy associated with that evidence. The depositions will provide no information about Bake's medical condition and convey no information beyond what is already set out in the existing record. The depositions are not cost-benefit justified and they are not necessary for the Court to reach an informed and independent judgment about Bake's claim. As a result, even if the Court finds that the *de novo* standard governs this case, a protective order should be entered quashing Bake's subpoena to Dr. Simon.

### IV.   CONCLUSION

For all the above reasons, defendant LIFE INSURANCE COMPANY OF NORTH AMERICA respectfully requests that this Honorable Court enter a protective order quashing plaintiff Janice Bake's subpoena to Dr. Avrom Simon and limiting discovery to the administrative record.

6289918v1 884636

|  | Respectfully submitted: |
|---|---|
|  | LIFE INSURANCE COMPANY OF NORTH AMERICA |
| Daniel K. Ryan<br>Peter E. Pederson<br>HINSHAW & CULBERTSON LLP<br>222 N. LaSalle Street, Suite 300<br>Chicago, Illinois  60601<br>(312) 704-3000<br>**Fax:**  (312) 704-3001<br>dryan@hinshawlaw.com<br>ppederson@hinshawlaw.com | By:  /s/ Peter E. Pederson<br>One of its Attorneys |

## **CERTIFICATION OF COUNSEL**

I, the undersigned attorney, certify that I conferred with plaintiff's counsel in an attempt resolve the instant discovery dispute without involvement of the Court.  The parties were unable to informally resolve the dispute.

s/ Peter E. Pederson

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that, on  March 12, 2008, I e-filed this document using the Court's CM/ECF filing system, which will make a copy available to counsel of record identified below.

s/ Peter E. Pederson

## **SERVICE LIST**

Mark D. DeBofsky, Esq.
Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, Illinois 60603

6289918v1 884636