IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANICE BAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 6600 |
| | ) | Judge Der-Yeghiayan |
| | ) | Magistrate Judge Cox |
| LIFE INSURANCE COMPANY | ) | |
| OF NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

*Introduction*

Defendant's motion for entry of a protective order is deficient on at least two bases: First, contrary to Defendant's assertion, the applicable standard of adjudication in this ERISA case is not deferential, but is the *de novo* standard under which discovery is permitted. Second, the discovery sought is comparable to discovery approved in other similar cases. Defendant's arguments must therefore be rejected by the Court, and Plaintiff should be allowed to proceed with the deposition of Avrom Simon, M.D. pursuant to the subpoena issued to him.

*Argument*

**I.    The Standard of Review is De Novo**

Attached as Exhibit A to Plaintiff's complaint (Document #1) is a copy of the applicable policy of insurance in effect at the time Plaintiff last worked.  Plaintiff obtained that document from Defendant during the course of the pre-suit appeal that preceded the litigation in response to a request for production of all relevant plan documentation.  Nowhere

in the document Defendant provided is there language that would allow this Court to deviate from the default *de novo* standard of adjudication applicable to ERISA benefit claims according to *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101 (1989) and *Herzberger v. Standard Ins.Co.,* 205 F.3d 327 (7th Cir. 2000).  Yet despite providing Plaintiff with the policy she attached to her Complaint, Defendant refused to admit to the genuineness of that policy in its Answer to the Complaint.  Nor did Defendant's initial disclosures made in accordance with Fed.R.Civ.P. 26(a) give any indication that the policy previously provided by Defendant and submitted by Plaintiff as an attachment to her Complaint was not the applicable policy.

It was not until Plaintiff issued a subpoena to Dr. Simon that Defendant suddenly "discovered" a new policy which is attached to Defendant's motion as Exhibit B (Document 15-4).  That type of bait and switch, which may not be all that extraordinary in ERISA litigation (*See, Doley v. Prudential Ins. Co. of Am.*, 2008 U.S. Dist. LEXIS 5054 (D.D.C., Jan. 8, 2008)) flouts the Federal Rules of Civil Procedure and frustrates the timely completion of discovery.

Upon receipt of the newly discovered policy, Plaintiff had no choice but to immediately issue discovery on March 3, 2008, seeking to ascertain how and when that policy came to be in existence and whether it was even validly adopted (See: Exhibit 1 attached hereto).  A response to that discovery is not yet due and has not yet been provided.  But even assuming the genuineness of the newly proffered policy, its added terms are ineffective if the policy was issued after Plaintiff's period of disability commenced according to *Hackett v. Xerox Corp. Long-Term Disability Income Plan,* 315 F.3d 771 (7th Cir. 2003) which ruled the

plan in effect when the claim arises is the governing plan applicable to a claim for benefits under ERISA.

Fortunately, the Court does not need to resolve that thorny dispute because even if the policy Defendant proffers was issued prior to the date Plaintiff incurred her disability, the clause the Defendant cites as the basis for the application of an arbitrary and capricious standard of review would still be unlawful under Illinois insurance regulatory law. Janice Bake last worked in June 2006, which was after the State of Illinois issued a prohibition against discretionary clauses in disability insurance policies. See: 50 Ill.Admin.Code § 2001.3 (eff. July 1, 2005), which reads:

> No policy, contract, certificate, endorsement, rider application or agreement offered or issued in this State, by a health carrier [defined to include disability insurers], to provide, deliver, arrange for, pay for or reimburse any of the costs of health care services or of a disability may contain a provision purporting to reserve discretion to the health carrier to interpret the terms of the contract, or to provide standards of interpretation or review that are inconsistent with the laws of this State.

The policy itself makes clear: "The group policy is issued in the state of Illinois and will be governed by its laws." (See: Document 15-4 filed 3/12/2008 Page 3). Thus, the Illinois regulation must apply since, while ERISA preemption is exceptionally broad, 29 U.S.C. §1144(b)(2)(A) provides that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." In the Supreme Court's ruling in *Rush Prudential HMO Inc. v. Moran,* 122 S. Ct. 2151 (2002), insurance regulations were held to properly fall within the savings clause, and in two very recent rulings, district courts have made it clear that state bans on discretionary clauses fit within the *Moran* rationale and are exempt from preemption. *See, American*

3

*Council of Life Insurers v. Watters,* 2008 U.S.Dist.LEXIS 15185 (W.D.Mich. 2/29/2008) and *Standard Ins.Co. v. Morrison,* 2008 U.S. Dist. LEXIS 16579 (D.Mont. 2/27/2008).

Nonetheless, Defendant may argue that the policy effective date is January 1, 2003, and that since the policy's issuance preceded the ban on discretionary clauses, the law could not be applied retroactively. That argument would fail, though. First, Defendant has not authenticated the document it now asserts is the applicable plan; nor has Defendant explained when the discretionary clause it cites to was ever inserted into the policy, assuming the policy was even properly amended. Second, even if the policy was properly amended, it is well established in insurance law that each renewal of an insurance policy for a specified period constitutes a separate and distinct contract. *See Kane v. American Ins. Co*., 52 Conn. App. 497, 725 A.2d 1000, 1002 (Conn. Ct. App. 1999); *Hercules Bumpers, Inc. v. First State Ins. Co*., 863 F.2d 839, 842 (11th Cir. 1989)("It is a basic tenet of insurance law that each time an insurance contract is renewed, a separate and distinct policy comes into existence.");*Government Employees Ins. Co. v. United States*, 400 F.2d 172, 174-75 (10th Cir. 1968)(renewal of insurance policy constitutes separate contract); *Southern Farm Bureau Casualty Ins. Co. v. U.S.*, 395 F.2d 176, 182 (8th Cir. 1968)(renewal of an insurance policy constitutes a separate and distinct contract for the period of time covered by the renewal). *See also* 1 Holmes' *Appleman on Insurance 2d* §4.16 ("The renewal of a policy is a new contract of insurance as regards the requirements of mutual assent (offer and acceptance) and new consideration"); 13A J. Appleman, *Insurance Law and Practice* § 7648 at 450 ("A renewal contract has been stated by many jurisdictions to be a new, and separate and distinct contract, unless the intention of the parties is shown clearly that that the original and renewal agreement shall constitute one continuous contract."); 2 Russ & Segalla, *Couch on Insurance*

*3d* § 29.33 (2005)(stating the general rule that the renewal of an insurance policy represents a separate and distinct contract).  Thus, as of the renewal of January 1, 2006, if not sooner, the policy at issue was subject to the discretionary clause prohibition, which unquestionably renders the standard of adjudication *de novo.*

## II.     Discovery is Allowed Under the ERISA De Novo Standard of Adjudication

For the most part, the cases cited by Defendant disallowing discovery in ERISA cases are based on the arbitrary and capricious standard of review which, as shown above, is inapplicable here.  The paradigm applied by the federal courts in adjudicating ERISA disputes under the *de novo* standard is entirely different from the arbitrary and capricious standard according to *Diaz v. Prudential Ins.Co. of America,* 499 F.3d 640 (7th Cir. 2007), which explicitly found the court is not conducting a review proceeding under that standard. Consequently, there is no reason to suspend or disregard the Federal Rules of Civil Procedure in this case.  Under the scope of discovery set forth in Rule 26(b), the subpoena issued to Dr. Simon appropriately seeks discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Defendant's objection is directed more toward admissibility of the fruits of discovery, but the Federal Rules make the scope of discovery broader than the standard of admissibility.  Fed.R.Civ.P. 26(b)(1).

Moreover, there have been several recent rulings allowing discovery in ERISA cases governed by the *de novo* standard.  In addition to *Burns v. American United Life Insur.Co.,* 2006 U.S.Dist.LEXIS 20096 (S.D.Ill. 4/17/2006), the same insurer as the one in this case lost similar motions in *Marantz v. Permanent Medical Group Inc. Long Term Disability Plan,* 2006 U.S.Dist.LEXIS 87258 (N.D.Ill. 11/29/2006) and in *Cameron v. Life Ins.Co. of North*

*America,* No. 07 C 4038 (N.D.Ill. January 16, 2008)(Document #19)(copy attached hereto as Exhibit 2).

Defendant's argument seeking to bar discovery is therefore without basis although Plaintiff is willing to forego the requested discovery so long as the Court bars consideration of Dr. Simon's report. Exclusion of Dr. Simon's report is properly grounded on lack of witness competency since Dr. Simon never examined the plaintiff yet disagreed with the findings of the doctors who treated Janice Bake and with the Social Security Administration determination finding Ms. Bake incapable of engaging in "any substantial gainful activity" (42 U.S.C. § 423(d)(1)(A)-statutory definition of "disabled" under Social Security Act). The Social Security determination is relevant, if not compelling evidence supporting the Plaintiff's disability, according to *LaBarge v. Life Insurance Company of North America,* 2001 WL 109527 (N.D.Ill. 2001) and *Adams v. CIGNA Group Insurance Life Accident Disability Co.,* 2004 U.S.Dist.LEXIS 4983 (N.D.Ill. 1/22/2004) to name just two of many cases that have reached such a conclusion.

Defendant seeks the application of an administrative law framework to the adjudication of this dispute, yet it ignores the leading ruling on the admissibility of medical reports in administrative proceedings, *Richardson v. Perales,* 402 U.S. 389 (1971). *Richardson* wisely held that while medical reports can be useful in administrative proceedings, hearsay rules may only be relaxed to allow the admissibility of such evidence when the doctor has personally conducted a clinical examination of the plaintiff. Likewise, the Federal Rules of Evidence, which are applicable to all civil proceedings (FRE 1101(b)), require that witnesses may testify solely on the basis of personal knowledge (FRE 602) unless they are testifying as expert witnesses, which requires that: "1) the testimony is based upon

sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FRE 702.  Since Defendant seeks to bar discovery, the Court is left with no means of discharging its gatekeeper function to ascertain whether the requirements of Rule 702 are met.  Particularly when Dr. Simon advances the absurd opinion that "the patient is engaging in sedentary work merely by getting up in the morning, getting dressed and taking a shower" (Def. Mot. for Prot.Order, Ex.1, Doc. 15-2 at Page 9), his findings cannot pass muster.  Dr. Simon's opinion is contrary to the rulings in *Hawkins v. First Union,* 326 F.3d 914 (7th Cir. 2003), along with *Hillock v. Continental Casualty Co.,* 2004 U.S.Dist.LEXIS 3907 (N.D.Ill. 3/1/2004) and *Mullaly v. Boise Cascade Corp. Long Term Disability Plan,* 2005 U.S.Dist.LEXIS 387 (N.D.Ill. 1/11/2005), all of which stand for the proposition that engaging in routine activities of daily living is not the equivalent of possessing the ability to perform sedentary work on a continuous basis.  Thus, Dr. Simon's report, which is pure hearsay (FRE 801(c)) to which no exception applies, must be excluded from consideration when the Court weighs the merits of this dispute since, in addition to the evidentiary rules cited above, consideration of his report would violate Fed.R.Civ.P. 43 which requires that the testimony of witnesses shall be taken in open court.

      Nor is Defendant correct in arguing that Plaintiff had an opportunity to address all of the issues in the pre-suit appeal (Def.Mot. at 10).  Despite Plaintiff's well-supported request to review and comment upon all evidence developed by Defendant prior to the Defendant's final pre-suit determination (*See*: Exhibit 1 to Defendant's Motion for Entry of Protective Order (Document 15-2 Page 18), Dr. Simon's opinion was not provided to Plaintiff until after a final claim determination was rendered.  That presents yet another reason to exclude Dr. Simon's

report.  Defendant's utilization of Dr. Simon's report sandbagged the Plaintiff when she was denied a chance to respond.  To be sure, during the pre-suit appeal, Plaintiff was able to present additional evidence rebutting the initial claim determination, but she was deprived of an opportunity to address Dr. Simon's errant opinions despite her request, supported by extensive legal authority such as *Abram v. Cargill, Inc.,* 395 F.3d 882 (8th Cir. 2005), that she be allowed to do so.  In addition, *Kosiba v. Merck & Co.,* 384 F.3d 58 (3d Cir. 2004) also makes the point that sandbagging an ERISA claimant is contrary to both the spirit and letter of the law.  Nor would a remand to the insurer remedy this situation because the Plaintiff would still be barred from cross-examining Dr. Simon absent a pending civil action.  Thus, the Court should simply bar Dr. Simon's findings and that would end this dispute.

Defendant's next argument that Plaintiff is not trying to develop evidence relating to the meaning of Plan terms (Def.Mot. at 10) relates to only one ground for allowing additional evidence in ERISA cases.  In the seminal ruling in *Quesinberry v. Life Insurance Company of North America,* 987 F.2d 1017, 1027 (4th Cir. 1993), cited with approval in the case relied on by Defendant, *Patton v. MFS/Sun Life Financial Distributors, Inc.,* 480 F.3d 478 (7th Cir. 2007), the meaning of plan terms was listed as only one of many reasons that allow for consideration of evidence beyond the claim record in ERISA disability disputes.  Others include:

> claims that require consideration of  complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

8

While the Defendant believes the Court can analyze the validity of Dr. Simon's findings, judges do not possess that kind of expertise without hearing testimony and cross-examination, which is why claimants seeking crucially important disability or medical benefits are allowed to develop evidence regarding complex medical issues and issues relating to the credibility of medical experts.

Finally, the Defendant raises an issue as to cost (Def.Mot. at 10). The Federal Rules of Civil Procedure place the cost burden of conducting discovery on the party seeking the discovery; and plaintiff was obviously willing to bear that burden when she issued a subpoena to Dr. Simon. Hence, Defendant has no standing whatsoever to raise such an argument.

### *Conclusion*

Accordingly, for the reasons presented above, Defendant's objections must be overruled and the motion for entry of a protective order must be denied.

Pursuant to 28 U.S.C. § 1746, the undersigned declares under penalty of perjury that the foregoing representations as to facts not appearing in the record are true and correct.

Executed on:   March 14, 2008

/s/ Mark D. DeBofsky
_____
Mark D. DeBofsky

Mark D. DeBofsky
Daley, DeBofsky, & Bryant
55 West Monroe, Suite 2440
Chicago, Illinois 60603
(312) 372-5200
FAX (312) 372-2778

## **CERTIFICATE OF SERVICE**

      Mark D. DeBofsky, the undersigned attorney, certifies that on March 14, 2008, he filed the foregoing PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER using the Court's CM/ECF system, which will make copies of available to the following:

Daniel K. Ryan, Esq.
Peter E. Pederson, Esq.
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street
Suite 3000
Chicago, Illinois 60601

                                          /s/ Mark D. DeBofsky

                                          Mark D. DeBofsky