## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4038 | **DATE** | 1/16/2008 |
| **CASE TITLE** | Cameron vs. Life Insurance Company of North America | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to compel discovery [#14] is granted in part and denied in part as explained below.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

The plaintiff, Karen Cameron ("Cameron"), who is seeking restoration of long-term disability benefits in this ERISA case, filed a motion to compel discovery. She is asking the court to require the defendant, Life Insurance Company of North America ("LINA") to produce two witnesses for deposition: Dr. John Mendez, a medical director employed by LINA who evaluated the medical evidence she submitted in support of her claim, and Medha Bharadwaj, a claims analyst who worked on her administrative appeal.

The parties agree at this point in the litigation that the court should apply the *de novo* standard of review to evaluate LINA's decision. *See Patton* v. *MFS/Sun Life Fin. Distributors, Inc.*, 480 F.3d 478, 485-86 (7th Cir. 2007). Cameron argues that when the *de novo* standard is applied, discovery is "routinely permitted," and that under the Federal Rule of Civil Procedure 26(b), the scope of discovery in all civil actions is broad. *See* Cameron's motion to compel, at 2; Reply, at 1. This characterization is inconsistent with the Seventh Circuit's recent articulation of the standard that district courts should apply when deciding whether to allow discovery beyond the administrative record in *de novo* ERISA cases. In *Patton*, the Seventh Circuit discussed a motion for discovery outside of the administrative record. 480 F.3d at 489. It explained that district courts have discretion to admit or not to admit new evidence, and that the "most central" factor they should consider is "whether the evidence is 'necessary' to an 'informed and independent judgment' on the parties' claims and defenses, which will obviously depend on the nature of the claims and whether the administrative record was 'relatively undeveloped' with respect to those claims." *Id*. at 491 (citations omitted). Furthermore, the court said, "it is very hard to say that the district court abused its discretion in deciding not to hear additional evidence in an ERISA case. A court should not automatically admit new evidence whenever it would help to reach an accurate decision. *Any* relevant, probative evidence increases the likelihood of an accurate decision, but always at the price of increased cost, both in the form of more money and additional time." *Id*. at 492.

Case 1:07-cv-04038  Document 18  Filed 01/16/2008  Page 1 of 2

07C4038 Cameron vs. Life Insurance Company of North America  Page 1 of 2

## STATEMENT

 Cameron argues that Ms. Bharadwaj's deposition is necessary "because there is no basis revealed in the claim record to support LINA's abrupt termination of disability benefits after more than 10 years of payment when the plaintiff suffered from multiple ... impairments and why the opinion of LINA's own independently selected examiner, Dr. Moisan [], was disregarded. In addition, because the claim administrator is required to consider the evidence submitted by both sides [], the claim analyst needs to explain why the evidence and argument submitted with plaintiff's pre-suit claim appeal [was rejected] and how that evidence was evaluated in the ultimate claim denial []." Cameron's Motion, at 3. As stated in *Diaz v. Prudential Ins. Co. of America,* 490 F.3d 640, 643 (7th Cir. 2007), however, when applying the *de novo* standard of review, the district courts are not reviewing the decision made by the administrator; they are making an "independent decision about the employee's entitlement to benefits.... What happened before the Plan administrator or ERISA fiduciary is irrelevant. That means that the question before the district court [is] not whether [the administrator] gave [the claimant] a full and fair hearing or undertook a selective review of the evidence; rather, it [is] the ultimate question whether [the claimant] was entitled to the benefits he sought under the plan." (Citations omitted.) It is not necessary to depose Ms. Bharadwaj to determine whether Cameron was entitled to long-term disability benefits under the applicable plan. The court will have the same record before it as Ms. Bharadwaj had, and its decision must be made independently of hers. Therefore, the court will not compel LINA to produce her.

 The analysis is different for Dr. Mendez. Although the medical evidence that Cameron submitted to LINA is not yet in the record, the facts recited in the briefing on this motion reflect that Cameron's doctors had a difference of opinion regarding her ability to perform sedentary work. Dr. Mendez apparently had the task of reviewing at least four different medical opinions (submitted by Doctors Balk, Curran, Djordjevic, and Moisan) to make the final determination of whether she could perform such work or not. His analysis and conclusion that she could, however, is presented in only one short paragraph. Because the court is not a medical expert, it would be very helpful to have additional information from Dr. Mendez on how he weighed the differing medical opinions. For this reason, the court will exercise its discretion to allow Cameron to depose Dr. Mendez, and therefore grants Cameron's motion to compel on this point.