## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6600 | **DATE** | 4/4/2008 |
| **CASE TITLE** | Janice Bake vs. Life Insurance Company of North America | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's motion for protective order [15] is denied. All dates previously set are to stand.

■[ For further details see text below.] Docketing to mail notices.

### STATEMENT

    This matter is before the court on Defendant Life Insurance Company of North America's ("LINA") motion for a protective order. LINA seeks a protective order under Federal Rule of Civil Procedure 26(c) to quash the subpoena Plaintiff Janice Bake ("Bake") served on Avrom Simon, M.D. ("Simon"). Bake alleges in her complaint that she was employed by Corus Bank ("Corus") until June 2006, when she was forced to stop work due to a severe degenerative disease of the spine. After ceasing employment, Bake allegedly made a claim for long-term disability ("LTD") benefits under an employee benefits plan ("Benefits Plan"), which was administered under a group policy ("Group Policy"). LINA is allegedly the underwriter and insurer of the Benefits Plan. Bake states that she also applied for and was ultimately awarded Social Security benefits. In November 2006, LINA denied Bake's claim for LTD benefits. Bake allegedly submitted an administrative appeal and included medical evidence from her treating physicians in support. LINA allegedly denied the appeal, and Bake filed a second administrative appeal. LINA then allegedly denied the second appeal, relying on the report of Simon, who Bake contends never examined her. Bake then brought the instant action seeking a review, pursuant to 29 U.S.C. § 1132 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), of LINA's decision to deny her claim for LTD benefits.

**STATEMENT**

Bake served Simon with a subpoena to appear for a deposition in this case and LINA moves to quash the subpoena served on Simon by Bake. LINA asserts that Simon is an independent physician, who LINA employed to evaluate Bake's administrative appeal. LINA contends that discovery must be limited in this case and that Bake is only entitled to the administrative record in this case.

I. Proper Standard of Review

The parties disagree regarding the proper standard of review in this case. Ordinarily a court reviews a decision of an ERISA plan administration under the *de novo* standard. *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 980 (7th Cir. 1999). However, if the ERISA plan "establishes discretionary authority then review will be deferential." *Id*. Bake contends that the court should apply a *de novo* standard of review in this case and LINA argues that the court should apply a deferential standard of review. LINA argues that the Group Insurance Plan ("Group Insurance Plan") that is related to the Group Policy states that the "Insurance Company shall have authority, in its discretion, to interpret the terms of the Plan, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact." (Mot. 6-7).

LINA argues that the instant action is similar to *Shyman v. Unum Life Ins. Co.*, 427 F.3d 452 (7th Cir. 2005), in which a "package" of plan documents included a group policy, a summary plan description, and a certificate of insurance. *Id.* at 454-55. Although the group policy and summary plan description in that case did not provide the insurance company with discretion, the certificate of insurance included discretionary language. *Id.* at 455. The Seventh Circuit held that the deferential review applied based on the discretionary language in the certificate of insurance. *Id.* at 455-56. Similarly in the instant action, the discretionary language in the Group Insurance Plan, although not in the Group Policy, triggers the deferential review.

However, in *Sperandeo v. Lorillard Tobacco Co., Inc.*, 460 F.3d 866 (7th Cir. 2006), the policy at issue lacked discretionary language and the court did not find discretionary language in the certificate of insurance and the summary plan document to be sufficient to warrant the deferential standard of review. *Id.* at 872. In *Sperandeo*, the court based its holding on the fact that the summary plan description and the certificate of insurance were "not incorporated by reference into the policy or plan." *Id.* at 871. The court in

**STATEMENT**

*Sperandeo*, thus concluded that the *de novo* standard of review applied. *Id.* at 872.

LINA argues that the instant case is distinguishable from *Sperandeo* because "the Group Policy here incorporates the terms of the Group Insurance Plan." (Reply 5). LINA contends that certain language in the Group Policy indicates incorporation. (Reply 5). However the language in the Group Policy referred to by LINA, does not state that any terms of the Group Policy would in the future be incorporated into the Group Insurance Plan or that the Group Insurance Plan's terms would be incorporated into the Group Policy. The portion of the Group Policy pointed to by LINA states that "[a] certificate of insurance will be delivered to the Employer for delivery to Insureds." (Compl. Ex. A 16). The mere notification that the certificate would be delivered does not indicate that its terms will be incorporated into the Group Policy. The Group Policy also states that "[e]ach certificate will list the benefits, conditions and limits of the Policy," and "[i]t will state to whom benefits will be paid." (Compl. Ex. A 16). Such language indicates that the certificate will list certain information and explain who will receive the payment of benefits. It does not indicate that any terms in the certificate will be incorporated into the Group Policy or will alter the terms of the Group Policy. Thus, this case is similar to *Sperandeo*, in that we are faced with a plan that does not contain discretionary language for the plan administrator, and there are not other documents with discretionary language that are incorporated into the plan. Thus, as the Court concluded in *Sperandeo*, we conclude that the *de novo* standard of review applies. We also note that even if the discretionary language in the Group Insurance Plan applied in this case, Bake has pointed out that Illinois issued a prohibition against discretionary clauses in disability insurance policies in 50 Ill. Admin. Code § 2001.3 ("Section 2001.3"). Section 2001.3 took effect July 1, 2005. LINA has attached documentation showing that the Group Policy took effect on January 1, 2003. (Reply Ex. A 1). LINA argues that although the Group Policy is renewed each year on January 1, the terms remained the same, and the terms and the conditions of the original policy became part of the renewal contract. *See Burmac Metal Finishing Co. v. West Bend Mut. Ins. Co.*, 825 N.E.2d 1246, 1255 (Ill. App. Ct. 2005)(stating that "[u]nless provided otherwise, it is the general rule that when a policy renewal is made, the terms and conditions of the original policy become part of the renewal contract of insurance"). However, regardless of the terms that were incorporated into each renewal of the Group Policy, on each January 1 after January 2005, a new contract was formed. The formation of each new contract thus occurred after Section

**STATEMENT**

2001.3 took effect.

II. Scope of Discovery

In ERISA cases, in certain instances discovery can be limited to the administrative record if the deferential standard of review is applied. *See Vallone v. CNA Financial Corp.*, 375 F.3d 623, 629 (7th Cir. 2004)(affirming district court's limitation of discovery to the administrative record and indicating that "'[d]eferential review of an administrative decision means review on the administrative record'")(quoting in part *Perlman v. Swiss Bank Corp. Comprehensive Disability Prot. Plan*, 195 F.3d 975, 980 (7th Cir. 1999)); *Perlman*, 195 F.3d at 980 (holding that "when review under ERISA is deferential, courts are limited to the information submitted to the plan's administrator"). However, in this case the *de novo* standard of review applies. The Seventh Circuit has indicated that a court may "allow[] parties to take discovery and present new evidence in ERISA cases subject to *de novo* judicial decisions. . . ." *Perlman*, 195 F.3d at 982. In ERISA cases, whether being reviewed under the deferential standard or the *de novo* standard, "'district courts enjoy broad discretion in controlling discovery.'" *Semien v. Life Ins. Co. of North America*, 436 F.3d 805, 813 (7th Cir. 2006)(quoting *McCarthy v. Option One Mortgage Corp.,* 362 F.3d 1008, 1012 (7th Cir. 2004)).

In the instant action, Bake has provided sufficient justification for her request to depose Simon. Bake has raised legitimate concerns as to Simon's conclusions. Simon did not ever examine Bake and his conclusions were contrary to those of Bake's treating physicians. In addition, although the standard employed in assessing a disability in a Social Security case is not the same standard that will be employed in this case, Bake has shown that her request for Social Security benefits was ultimately granted. Also, Bake has pointed to evidence in the record showing that she legitimately has a serious medical ailment. Thus, the discovery sought by Bake in regard to Simon is warranted.

In addition, it is important to note that Bake is not requesting other discovery in this matter. Her request is solely limited to the deposition of Simon and should not be overly burdensome on LINA. In fact, counsel for LINA acknowledged at the last status hearing that Simon is an independent physician and not an employee of LINA. Also, at the status hearing, counsel for LINA indicated that if Bake were to depose

**STATEMENT**

Simon, the only inconvenience to LINA would be that it would need to send a representative to the deposition. Considering the potential relevance of Simon's deposition testimony and the minimal burden on LINA, in our discretion, we conclude that Bake should be allowed to depose Simon. We also note that even if the deferential standard applies, the circumstances are such that the extremely limited discovery in regard to Simon sought by Bake would be warranted. *See Vallone*, 375 F.3d at 629 (indicating that even in a case where deferential review applied, the district court had discretion in dealing with discovery matters). Therefore, we deny LINA's motion for a protective order.