IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANICE BAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 6600 |
| | ) | Judge Der-Yeghiayan |
| | ) | Magistrate Judge Cox |
| LIFE INSURANCE COMPANY | ) | |
| OF NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUMMARY JUDGMENT MOTION OR TO CONVERT MOTION TO A TRIAL ON THE PAPERS**

*Introduction*

Defendant's motion for summary judgment (Document 23, filed May 23, 2008) must be stricken for reasons that were recently given by the United States Court of Appeals for the Seventh Circuit.  In *Diaz v. Prudential Insur.Co. of America, of America,* 499 F.3d 640 (7th Cir. 2007), the Seventh Circuit pointed out the inappropriateness of summary judgment in a disability benefit dispute such as this matter due to the genuine issues of material fact presented by the conflicting medical opinions and other relevant evidence.  Plaintiff has submitted more than ample medical evidence to meet the evidentiary burden of proving disability as defined by the policy; i.e., "unable to perform all the material duties of his or her regular occupation."  In addition, she provided defendant with a Social Security disability benefit award (signifying her inability to engage in "any substantial gainful activity" – 42 U.S.C. § 423(d)(1)(A)(definition of "disabled" under Social Security Act), a much more stringent definition than the one contained in Defendant's policy of insurance, as well as all of the evidence on which it was based.

Along with *Diaz,* which found that the Social Security award ought to be taken into consideration (499 F.3d at 645), several other rulings within this district involving Defendant have deemed favorable Social Security rulings compelling evidence in support of a claimed disability.  *See, e.g., LaBarge v. Life Insur.Co. of North America,* 2001 U.S. Dist. LEXIS 1033 (N.D.Ill. February 5, 2001); *Adams v. CIGNA Group Insurance Life Accident Disability Co.,* 2004 U.S.Dist.LEXIS 4983 (N.D.Ill. January 22, 2004).  In addition, *Wilson v. Life Insur.Co. of North America,* 424 F.Supp.2d 1146, 1158 (D.Neb. 2006) found a Social Security determination "persuasive evidence of how a disinterested and objective examiner would view the seriousness of Wilson's condition and his ability to perform light or sedentary work."

Thus, in the face of indisputable genuine issues of material fact, Defendant's motion is doomed to fail.  Moreover, the filing of a fatally defective summary judgment motion has unreasonably and vexatiously multiplied these proceedings, which should subject Defendant to costs and fees in accordance with 28 U.S.C. §1927.

There is, however, a way in which Defendant's motion can be utilized as a means of resolving this matter – through a "trial on the papers."  *See,* Morton Denlow, Trial on the Papers: An Alternative to Cross-Motions for Summary Judgment, *The Federal Lawyer* (Aug. 1999); *Crespo v. Unum Life Insur.Co. of America,* 294 F. Supp. 2d 980, 991-92 (N.D.Ill. 2003).  If the Court so orders, or if Defendant stipulates to the admissibility of the contents of the claim file, including the Social Security claim file, as well as the deposition of Avrom Simon, M.D., the case could be resolved by the Court on the record.  Otherwise, Defendant's motion must be stricken.

## ARGUMENT

**1. Defendant's Motion On Its Face Establishes that the Court Will Deny Summary Judgment**

Defendant all but concedes that the medical reports submitted by Plaintiff will be enough to defeat summary judgment. In addition, Defendant acknowledges Plaintiff's award of Social Security disability benefits supported by the independent evaluation performed by Dr. McFarlane. Although the parties dispute the significance of various findings, there is no doubt that treating orthopedic surgeon Dr. Bergin notes MRI findings showing degeneration at every level of the spine. In addition, Plaintiff's doctors and physical therapists have made repeated clinical findings of abnormal spinal range of motion and other proof consistent with Ms. Bake's allegations of severe pain which, as *Diaz* teaches, cannot be ignored. (Document 24, Def.Memo at 7-8).

The Seventh Circuit has recently addressed the issue of summary judgment in ERISA cases governed by the *de novo* standard and made it clear that the paradigm imposed by Federal Rule of Civil Procedure 56 is incompatible with the evidentiary record in a case such as this. In *Diaz,* the Court remarked, "Prudential can prevail on summary judgment only if Diaz failed to submit evidence to the contrary." 499 F.3d at 645. The Court then recounted the evidence presented, which supported Hugo Diaz's claim of disability due to spinal impairments similar to those experienced by Janice Bake, and ruled that summary judgment was improperly granted due to the existence of genuine issues of material fact.

Likewise, in *Patton v. MFS/Sun Life,* 480 F.3d 478, 486 (7th Cir. 2007), the Court ruled, "Summary judgment is appropriate only if no reasonable factfinder could conclude that Patton was unable to [perform the duties of his regular occupation]." The Court added that while the Defendant's description of the evidence could convince a factfinder to reach a

conclusion in its favor, that evidence would "not *compel* a reasonable factfinder to so conclude" (*Id.* at 489), which therefore mandated that summary judgment be denied.  *Also see, Sperandeo v. Lorillard Tobacco Co., Inc.,* 460 F.3d 866 (7th Cir. 2006)(summary judgment in an ERISA disability benefit case overturned because of the existence of genuine issues of material fact as to whether Plaintiff's shoulder injury would prevent performance of regular job duties).

As if the cited Seventh Circuit cases were not enough, Defendant has been cautioned in at least two cases that summary judgment is inappropriate under a record such as the one before the Court.  In *Marantz v. Permanente Med. Group, Inc.,* 2008 U.S. Dist. LEXIS 13956, *14 (N.D. Ill. Feb. 21, 2008), Judge Moran recently ruled in assessing a disability benefit case under the *de novo* ERISA standard that while summary judgment is possible, it cannot be granted on a disputed evidentiary record, and "in this circuit the appropriate forum for weighing evidence and fact-finding is a trial, not summary judgment. [citation omitted]. Therefore, we do not weigh the parties' evidence nor render a judgment on the facts at this stage of the proceedings."

In another proceeding, Judge Shadur admonished the Life Insurance Company of North America for proceeding on summary judgment in the face of genuine issues of material fact and for refusing to accept a stipulation offered by the Plaintiff to jointly consent to the admissibility of the record in order to allow the Court to conduct a paper trial.  *Coles v. LaSalle Ptnrs., Inc.,* 287 F. Supp. 2d 896, 898 (N.D. Ill. 2003).  Here, too, while summary judgment remains a theoretical possibility, Defendant is well aware that its motion is utterly meritless and will not, under any circumstances, be granted.  Because of the unnecessary waste of time caused by Defendant's conduct, 28 U.S.C. § 1927 should be utilized to address

Defendant's tactics. *See, e.g., Franklin v. H.O. Wolding, Inc.,* 2004 U.S.Dist.LEXIS 26592 (S.D.Ind. 12/8/2004)(awarding sanctions under § 1927).

    **2.    A Trial on the Papers Would Be an Expeditious Means of Resolving This Matter**

Plaintiff is certainly amenable to a trial to resolve this matter. However, it may prove to be more expeditious to the parties and to the Court, to conduct a paper trial pursuant to Fed.R.Civ.P. 52. The Ninth Circuit, in *Kearney v. Standard Ins. Co.*, 174 F.3d 1084 (9th Cir. 1999), explicitly approved of and recommended such a procedure as a means of resolving ERISA benefit cases in lieu of bench trials; and the Seventh Circuit impliedly agrees that a "bench trial" review of the parties written submission is the appropriate way to review this claim. *Hess v. Hartford*, 274 F.3d 456 (7th Cir. 2001). Moreover, in recent cases decided in this District, Judge Holderman applied such a procedure (*See, LaBarge v. Life Ins. Co. of No. Am.*, *supra.*) as did Judge Bucklo (*Deal v. Prudential*, 2003 U.S.Dist.LEXIS 8697 (N.D. Ill. May 23, 2003)). Plaintiff is willing to agree to such a procedure and to stipulate to the record, supplemented by Dr. Simon's deposition and any depositions the Defendant cares to take.

## CONCLUSION

For the reasons presented above, Defendant's motion for summary judgment should be summarily stricken and the Court should either schedule a trial on the papers or a trial where the testimony of witnesses be "taken in open court" as required by Fed.R.Civ.P. 43(a).

                                                               /s/ Mark D. DeBofsky
                                                               Mark D. DeBofsky

Mark D. DeBofsky
Daley, DeBofsky, & Bryant
55 West Monroe, Suite 2440
Chicago, Illinois 60603
(312) 372-5200
FAX (312) 372-2778

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on May 29, 2008, he electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF filing system, which sent notice of such filing to all parties entitled to notice.

                                             /s/ Mark D. DeBofsky
                                             Mark D. DeBofsky

DALEY, DEBOFSKY & BRYANT
55 West Monroe Street, Suite 2440
Chicago, Illinois 60603
312.372.5200
312.372.2778 fax