LAW OFFICES

## Daley, DeBofsky & Bryant

55 W. Monroe St.
Suite 2440
Chicago, Illinois 60603

VOICE (312) 372-5200
FAX  (312) 372-2778
WEB  ddbchicago.com

Frederick J. Daley Jr.
Mark D. DeBofsky
David A. Bryant
Marcie E. Goldbloom
James R. Comerford
Violet Borowski
Barbara Borowski
Sandra M. Dye
Gregory Benker

Of Counsel
Heather F. Aloe

April 10, 2007

Michelle Miller
Disability Claim Manager
CIGNA Group Insurance
12225 Greenville Avenue
Suite 1000
Dallas, TX 75243-9337
**Via Certified Mail**

    RE:    Janice Bake
            Policy No.: LK0960120

Dear Ms. Miller:

Please accept this letter along with the additional evidence as an addendum to the appeal letter that we recently submitted. To reiterate, we believe that the medical evidence clearly demonstrates Ms. Janice Bake's inability to perform her occupation as the First Vice President Operations Analysis at Corus Bank.

On March 13, 2007, Dr. Rechitsky examined Ms. Bake at which time he stated that her symptoms were worsening. On examination, she demonstrated bilaterally positive Tinel's sign and mild distal hypoalgesia in the upper extremities without anatomical distribution. Dr. Rechitsky also performed an NCS and EMG, which was compared with the October 2006 study. The left median mixed palmar NCS demonstrated progressive slowing of conduction across the wrist, which Dr. Rechitsky stated was "in the moderate to severe range." The EMG demonstrated mild activity of denervation at rest selectively in the left APB and in bilateral cervical paraspinal muscles. He reported that Ms. Bake "has progression of the left carpal tunnel syndrome and therefore surgical treatment should be considered as soon as possible.

Dr. Bergin recently completed a Physical Residual Functional Capacity Questionnaire (RFC) on March 30, 2007 that further clarifies his opinions and the extreme functional restrictions from which Ms. Bake suffers. According to the attached reports, Ms. Bake lacks bi-lateral manual

dexterity and is limited to well below the functionality necessary to perform sedentary work on a continuous basis.

Dr. Bergin reported that the pain and other symptoms Ms. Bake experiences due to her cervical myelopathy and thoracic and lumbar spondylosis constantly interfere with the attention and concentration required to perform even simple work tasks. He also reported that Ms. Bake is unable to walk even 1 city block without requiring rest or experiencing pain. Dr. Bergin found that she can sit for only 20 minutes at one time and that she can stand for only 20 minutes at one time. Out of an 8-hour work day, Ms. Bake can sit for a total of less than two hours and she can stand/walk for a total of less than two hours. Dr. Bergin reported that she can never lift more than 10 pounds and can only rarely lift less than that. She can never look down and can only rarely turn her head to the right or left, look up, and hold her head in a static position. Dr. Bergin reported that Ms. Bake can rarely twist, stoop (bend), crouch/squat, climb ladders, and climb stairs. Most importantly, Dr. Bergin reported that Ms. Bake has significant limitations with reaching, handling, and fingering finding that she is completely unable to use her hands for grasping, turning, and twisting objects; her fingers for fine manipulations; and her arms for reaching, including overhead. Dr. Bergin reported that she is incapable of even low stress jobs due to her chronic pain and concluded that the "patient [is] unable to hold a job due to condition."

According to the *Dictionary of Occupation Titles*, the occupation of a Vice President, Financial Institution (# 186.117-078) requires occasional reaching, handling, and fingering. Thus, Ms. Bake is clearly unable to perform her occupation. Moreover, her inability to use her hands, fingers, and arms is significant given her exertional capacity is at most sedentary. Social Security Ruling 85-15 explains that "reaching ... and handling ... are activities required in almost all jobs. Significant limitations of reaching or handling, therefore, may eliminate a large number of occupations a person could otherwise do." That ruling also states:

> As a general rule, limitations of fine manual dexterity have greater adjudicative significance — in terms of relative number of jobs in which the function is required — as the person's exertional RFC decreases. Thus, loss of fine manual dexterity narrows the sedentary and light ranges of work much more than it does the medium, heavy, and very heavy ranges of work.

Moreover, Social Security Ruling 83-14 states that "most sedentary jobs require good use of the hands and fingers." Although this is not a Social Security disability case, Social Security concepts are "instructive" in assessing disability insurance cases. *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 695 n.11 (7th Cir. 1992).

Finally, in *King v. Square D Co.*, 2004 U.S. Dist. LEXIS 4190, *51-*52 (W.D.N.C. Feb. 13, 2004), the court held that is was arbitrary and capricious for the defendant to deny the claimant benefits stating "the evidence is overwhelming that, at the least, she would not have been able to perform repetitive motions with her hands and wrists, motions which are not precluded by the definition of sedentary or light work. Indeed, much sedentary work is likely to require a certain amount of repetitive motion."

Janice Bake Addendum to Appeal Letter
April 10, 2007
Page 3 of 3

Dr. Bergin's assessment, along with the other evidence we previously submitted, clearly establishes that Ms. Bake is unable to perform her job as the First Vice President Operations Analysis at Corus Bank. Her occupation requires that she be able to use her hands, fingers arms, but the evidence demonstrates that she cannot.

We look forward to receiving your determination.

Very truly yours,

Mark D. DeBofsky
MDD/ms

    cc:    Janice Bake