IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANICE BAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 6600 |
| | ) |
| LIFE INSURANCE COMPANY OF | ) |
| NORTH AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Life Insurance Company's ("LINA") motion for summary judgment. For the reasons stated below, we deny the motion for summary judgment.

**BACKGROUND**

Plaintiff Janice Bake ("Bake") alleges that she was employed by Corus Bank ("Corus") until June 2006, when she was forced to stop work due to a severe degenerative disease of the spine. After ceasing employment, Bake allegedly made a claim for long-term disability ("LTD") benefits under an employee benefits plan ("Benefits Plan"), which was administered under a group policy ("Group Policy"). LINA is allegedly the underwriter and insurer of the Benefits Plan. Bake states that

she also applied for and was ultimately awarded Social Security disability benefits. In November 2006, LINA denied Bake's claim for LTD benefits. Bake allegedly submitted an administrative appeal and included medical evidence from her treating physicians in support. LINA allegedly denied the appeal, and Bake filed a second administrative appeal. LINA then allegedly denied the second appeal. Bake then brought the instant action seeking a review, pursuant to 29 U.S.C. § 1132 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), of LINA's decision to deny her claim for LTD benefits. On April 4, 2008, we denied LINA's motion for a protective order. In ruling on the motion, we held that the proper standard of review in this case is the *de novo* standard of review since the Group Policy did not contain discretionary language for the administrator's decisions. LINA now moves for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)(quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied

by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

LINA argues that the evidence pointed to by Bake in this case is so flawed that there are no genuinely disputed material facts in this case. It is undisputed that the Group Policy defines the term "disability" as the following:

> An employee is Disabled if, because of Injury or Sickness,
> 1.    he or she is unable to perform all the material duties of his or her regular occupation, or solely due to Injury Sickness, he or she is unable

3

>   to earn more than 60% of his or her Indexed Covered Earnings; and
> 2. after Disability Benefits have been payable for 24 months, he or she is unable to perform all the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience.

(R SF Par. 5). The parties agree that the position of First Vice President, Operations Analysis, held by Bake, is a sedentary position under the definition in The Dictionary of Occupational Titles. (R SF Par. 8). LINA concluded that Bake was able to perform a sedentary occupation and thus Bake had not shown that she is "unable to perform all the material duties of any occupation for which . . . she may reasonably become qualified based on education, training or experience." (R SF Par. 5). LINA's conclusion is based in large part on the opinion of Dr. Avrom Simon ("Dr. Simon"). Dr. Simon was hired by LINA to evaluate Bake's administrative appeal. Although Dr. Simon did not examine Bake, he evaluated the record and concluded that Bake's physical restrictions did not prevent her from performing her sedentary occupation. LINA explains that the main basis for Dr. Simon's conclusion was that there was no evidence of deconditioning or atrophy, which would be expected in a patient engaging in less than sedentary activities. (Mem. SJ 9).

I. Dr. Simon's Conclusion Concerning Atrophy

As indicated above, Dr. Simon concluded that Bake could perform a sedentary occupation since he did not find evidence in the record of atrophy. However, even if we were to find that the record is devoid of such evidence, which Bake contends is

present in the record, LINA has not presented evidence to show conclusively as a matter of law that a lack of atrophy is a sufficient basis to definitively establish that Bake is not disabled under the terms of the Group Policy. LINA can present Dr. Simon at trial to testify that the lack of atrophy is an indication that Bake is not engaging in less than sedentary activities, and LINA can present evidence to support Dr. Simon's conclusions. Presently before the court is LINA's motion for summary judgment and it is not appropriate for the court to weigh such evidence at this juncture, particularly when, as is explained below, Bake has presented evidence to support her opposing position. Thus, Dr. Simon's conclusion concerning the lack of atrophy is not sufficient to warrant a finding in LINA's favor as a matter of law at this juncture.

II. Evidence that Supports Bake's Position

Bake contends that the record includes extensive evidence that supports her claim that she is unable to perform a sedentary occupation. For example, Bake points to evidence from her treating physician Dr. Christopher Bergin ("Dr. Bergin"). Dr. Bergin has documented his opinion that all of the discs in Bake's spine suffered some degree of degeneration. (AR 610). Dr. Bergin also has indicated that Bake's physical limitations and chronic pain would preclude her from a sedentary occupation. (AR 443-44). Bake also points to evidence collected in the proceedings for her Social Security Disability benefits in which Bake was ultimately found to be disabled. Although the standard for assessing a disability in the Social Security

context is not exactly the same standard employed in the instant action, the documentation and evidence of Bake's physical condition is still relevant in the instant action.

In addition, Bake points to evidence that indicates that she suffers from severe pain, numbness, tingling, and impaired balance. (AR 443-44, 673-75). Bake also points to portions of the record that indicate that Bake's condition has continuously worsened and that she has a long history of treatment for severe pain, including surgery, pain medication, and steroid injections. (AR 111, 139, 238, 263-67, 356-59, 443-44, 488, 495-99, 628-29, 700-10). Bake also points to portions of the record that contain clinical evaluations over several years, chart notes and test results that depict Bake's condition. (AR 103, 238, 488, 560, 610-11, 631, 700-10). Bake indicates that she has undergone serious medical procedures to improve her condition such as cervical spine surgery and that she has been prescribed many medications for pain. (Ans. 8); (AR 139). Bake is entitled to present such evidence to the trier of fact. *See, e.g., Diaz v. Prudential Ins. Co. of America*, 499 F.3d 640, 646 (7th Cir. 2007)(indicating that a court must properly consider medical procedures and a claimant's reports of pain). The Seventh Circuit has acknowledged that such evidence is relevant since it is unlikely that a claimant would undergo significant treatment procedures and take heavy doses of pain medication "'merely in order to strengthen the credibility of her complaints of pain and so increase her chances of obtaining disability benefits. . . .'" *Id.* (quoting *Carradine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004)). In addition, although LINA relies upon the opinion of Dr.

6

Simon, Dr. Simon failed in his report to adequately account for Bake's alleged symptoms or the reports that reference the symptoms. Dr. Simon concluded, for example, that Bake is not suffering from atrophy simply because Bake "is getting up in the morning, getting dressed, and taking a shower." (AR 96). Bake also contends that Dr. Simon merely engaged in a selective review of the record in order to form his opinions. (Ans. 8).

    We are not finding at this juncture whether Dr. Simon's opinion is meritorious. We are merely concluding that Bake has pointed to many pieces of evidence in the record that support her position and create a genuinely disputed material fact as to whether Bake could perform a sedentary occupation. As Bake points out, Dr. Simon never actually examined Bake and was hired by LINA. We cannot simply accept Dr. Simon's statements as fact at this juncture and find in LINA's favor as a matter of law. LINA has not shown that Dr. Simon's expertise and LINA's supporting evidence is such that LINA's position is unquestionably correct. *See Diaz*, 499 F.3d at 646 (stating that "[i]n extreme cases, diagnostic evidence presented in favor of one position may be ignored because of the overwhelming opinion of witnesses with greater specialization on the other side"). LINA merely attempts in its motion to poke holes in the theories presented by Bake, arguing for example that certain evidence does not indicate any atrophy or reports of pain by Bake. (Mem. SJ 2). Bake, in turn, responds with her own reasoning that addresses LINA's concerns. For example, Bake argues that although some nurse reports after her surgery do not indicate that Bake was suffering from pain, the

7

reports in question were merely addressing whether there was unwarranted and excessive pain during her recovery stemming from her back surgery. (Ans. 4).

Bake is entitled to present her evidence before the trier of fact as is LINA entitled to present its evidence, such as Dr. Simon's opinions. While LINA contends that "Dr. Simon gave a cogent explanation for his disagreement with Dr. Bergin's conclusion that Bake was incapable of sedentary work," that argument merely illustrates the need for the trier of fact to assess which opinion has more merit. Bake has done more than merely present unsupported conclusory allegations regarding her disability. She has presented a variety of evidence that supports her position. *See, e.g., Patton v. MFS/Sun Life Financial Distributors, Inc.*, 480 F.3d 478, 487 (7th Cir. 2007)(stating that "'even brief expert reports will suffice at the summary judgment stage'")(quoting *Abdullahi v. City of Madison*, 423 F.3d 763, 772 (7th Cir. 2005)). Thus, Bake has presented sufficient evidence concerning her position to defeat LINA's motion for summary judgment.

III. Apparent Conflicts in Evidence Provided by Dr. Bergin

LINA also argues that the court should not consider any evidence provided by Dr. Bergin because, according to LINA, the condition that led Bake to quit her job and apply for LTD benefits was cervical radiculopathy. LINA asserts that Dr. Bergin later indicated that Bake suffers from thoracic spondylosis, which caused her disability. LINA contends that Dr. Bergin has not adequately explained this apparent inconsistency. However, such arguments are properly made before the trier of fact

8

that can evaluate whether there is actually conflicting evidence and can accordingly weigh the value of Dr. Bergin's testimony.

LINA also appears to acknowledge the need for the trier of fact to consider the evidence in the record for the disposition of the instant action.  LINA specifically requests in the alterative in its motion that if the court decides that Dr. Bergin's report and other evidence should be considered by the trier of fact, the court should set this case for a bench trial.  (Mem. SJ 14).  Bake concurs in her answer to the instant motion, indicating that this case should proceed to trial.  (Ans. 6).  The Seventh Circuit has indicated that in cases such as the instant action, a district court should only grant a motion for summary judgment when the "evidence supporting [the movant's position is] so overwhelming that . . . 'no reasonable jury would render a verdict for the opposing party if the record at trial were identical to the record compiled in the summary judgment proceeding.'" *Diaz*, 499 F.3d at 646 (quoting in part *Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1998)).  LINA has not shown that the record in the instant action is such that we can find in its favor as a matter of law.  Therefore, we deny LINA's motion for summary judgment.

III.  Cross Motion and Fees and Costs

We note that LINA argues in its memorandum in support of its motion for summary judgment that, if the court concludes there are genuinely disputed material facts, the "Court should deny both cross-motions and hold a bench trial." (Mem. SJ 14).  The docket reflects, however, that only LINA filed a motion for summary

9

judgment. It is not clear whether perhaps LINA was anticipating the filing of a summary judgment motion by Bake that was never filed, but no such motion appears on the docket.

We also note that Bake requests in her answer to LINA's motion for summary judgment that the court award Bake fees and costs for "opposing an entirely baseless motion pursuant to 28 U.S.C. § 1927." (Ans. 14). First, Bake's request is improper since it has been inserted in an answer brief and not presented in a proper motion for fees and costs. Second, LINA's motion, while not meritorious, certainly was not a baseless motion and Bake has not shown that she is entitled to fees and costs. *See Claiborne v. Wisdom*, 414 F.3d 715, 721 (7th Cir. 2005)(explaining award of costs and fees under 28 U.S.C. § 1927). Therefore, we deny the request for fees and costs.

## CONCLUSION

Based on the foregoing analysis, we deny LINA's motion for summary judgment. We also deny Bake's request for fees and costs.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:  August 26, 2008